UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Anton Andreyevich Iagounov,

          Petitioner

v.

United States Marshals Service, et al.

          Respondents

Case No. 2:26-cv-01416-CDS-NJK

**Dismissal Order**

Petitioner Anton Andreyevich Iagounov, a federal pretrial detainee, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and paid his filing fee. ECF No. 3. After reviewing the petition under the Rules Governing Section 2254 Cases,[1] I dismiss the petition.

## I.      Background

On May 8, 2025, Iagounov was indicted on fifteen counts of false information and hoax in *United States of America v. Anton Andreyevich Iagounov*, 3:25-cr-00017-ART-CSD-1.[2] Iagounov's jury trial is currently scheduled for August 18, 2026. In his petition, Iagounov makes, inter alia, the following arguments: (1) he "was brought back to the United States from Mexico on the basis of a fraudulent 'Criminal Complaint,'" (2) he "has been selectively targeted by a corrupt faction of the federal government in retaliation for his continued work as a Private Investigator," (3) he was "brought into U.S. custody from Mexico without an 'extradition warrant,'" (4) "the magistrate judge failed to corroborate that there were sufficient facts in support of the indictment" at his second arraignment, and (5) he "continues to be denied his right to a 'speedy trial.'" ECF No. 1-1.

---

[1] I exercise my discretion to apply the rules governing § 2254 petitions to this § 2241 action. *See* Rule 1(b) of the Rules Governing Section 2254.

[2] I take judicial notice of the docket records in case number 3:25-cr-00017-ART-CSD-1.

II.      Discussion

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

I deny Iagounov's petition because he is not entitled to relief, at least under 28 U.S.C. § 2241. Because Iagounov is a federal pretrial detainee and is seeking relief concerning the validity of his pretrial detention, the proper vehicle for Iagounov's claims is through a motion or petition in his criminal case. This disposition is without prejudice to any motion or petition Iagounov's counsel may wish to file in his criminal proceedings.

III.     Conclusion

It is therefore ordered that the petition **[ECF No. 3] is denied**. A Certificate of Appealability is denied because reasonable jurists would not find the denial the petition to be debatable or wrong.

The Clerk of the Court is kindly directed to enter judgment and close this action.

Dated: May 15, 2026

_____
Cristina D. Silva
United States District Judge

2